UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                          Case No. 3:22-cr-21

          Plaintiff,

   v.                                                                        MEMORANDUM OPINION
                                                                                     AND ORDER

Kurt Doll,

          Defendant.

## I.     INTRODUCTION AND BACKGROUND

Defendant Kurt Doll, who currently is incarcerated at Federal Correctional Institution
Elkton, located in Lisbon, Ohio, seeks an order granting him compassionate release pursuant to 18
U.S.C. § 3582(c)(1)(A).  (Doc. No. 33) (filed under seal).  Doll pled guilty to one count of receipt and
distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2).  (*See* non-document entry
dated December 5, 2022).  Doll was subject to a five-year mandatory minimum sentence, and his
Guideline imprisonment range was 151 to 188 months.  (*See* Doc. No. 21 at 15) (filed under seal).
After varying downward from the Guideline range, I sentenced Doll to 72 months in custody and a
supervised release term of 10 years.  (Doc. No. 24).  I also required Doll to pay restitution in the
amount of $24,000 and imposed a $5,000 fine pursuant to the Justice for Victims of Trafficking Act.

Doll seeks to have his sentence reduced to time served so that he may return to his parents'
home to care for them as they "suffer from progressive and significant physical impairments."
(Doc. No. 33 at 3).

## II.    ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration.  While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  18 U.S.C. § 3582(c)(1)(A).

Doll has complied with the exhaustion requirement, as more than 30 days passed between the date on which he submitted his administrative request and the date on which he filed his motion.

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)).  The district court also must consider all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence.  *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020).  "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

## A.    EXTRAORDINARY AND COMPELLING REASONS

The Federal Sentencing Guidelines provide that "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" is an extraordinary

and compelling reason for a court to modify or reduce a defendant's sentence.  U.S.S.G. §
1B1.13(b)(3)(C).

While the Sentencing Guidelines do not define the meaning of the term "incapacitation" in
the compassionate release context, the definitions applied by district courts considering motions like
this one have set a high bar for an incapacitation standard.  "[C]ourts have explained that
'incapacitated' means completely disabled, and to refer to someone who cannot carry on any self-
care and is totally confined to a bed or chair." *United States v. Jones*, No. CR 13-252, 2021 WL
1060218, at *10 (W.D. Pa. Mar. 18, 2021) (citing cases) (internal quotation marks omitted).  *See also*
*United States v. Taveras*, 731 F. Supp. 3d 94, 99 (D. Mass. 2024) (holding "incapacitated," for purposes
of a court's compassionate release analysis, means an individual "is unable to receive and evaluate
information or make or communicate decisions to such an extent that the individual lacks the ability
to meet essential requirements for physical health, safety, or self-care, even with appropriate
technological assistance").

Doll represents, with support from letters from his parents and some medical records, that
his mother suffers from "multiple sclerosis . . . and now experiences recurrent falls, loss of mobility,
and dependence on a walker and wheelchair." (Doc. No. 33 at 3). She currently takes anticoagulants
to treat atrial fibrillation, a condition for which she recently required a surgical procedure.  (*See id.*;
Doc. Nos. 34-1 and 34-2) (filed under seal).  Doll's father "suffers from severe osteoporosis,
scoliosis, and spinal injury, rendering him physically unable to assist his wife when she falls or to
reliably perform routine household tasks." (Doc. No. 33 at 3).

While I sympathize with Doll's concerns for his parents and applaud his desire to help, he
has not submitted sufficient evidence to show that his parents are entirely unable to care for
themselves.  Doll acknowledges his parents are able to travel outside of their home on their own as
well as prepare their own meals and perform other household tasks. (Doc. No. 33-1 at 3-4).  (*See*

*also id.* at 10-12).  These facts demonstrate that Doll's parents are not "unable to carry on any self-care," even as their capacity to do so is less than it once was.  *United States v. Simmonds*, No. 1:20-CR-707-1, 2026 WL 554585, at *4 (N.D. Ohio Feb. 27, 2026) (internal quotation marks omitted).

Even if I assume Doll met his burden to show his parents are incapacitated, he still would not be entitled to relief because he fails to show he is "the only available caregiver."  U.S.S.G. § 1B1.13(b)(3)(C).  Doll acknowledges his brother and sister-in-law live close to his parents, though he argues they are not available caregivers because they have full-time jobs and other obligations that prevent them from providing "daily, in-home care."  (Doc. No. 33 at 3).  Moreover, Doll "fails to specifically address whether any other family members, friends, or community organizations are available to care for his parents."  *United States v. Mahoney*, No. 17-CR-20424, 2022 WL 987179, at *2 (E.D. Mich. Mar. 31, 2022).  *See also Simmonds*, 2026 WL 554585, at *4 (denying defendant's motion for compassionate release where defendant failed to show his daughter could not "receive help from friends, community organizations, or in-home medical aids").

Finally, Doll also argues his rehabilitation efforts, including his successful completion of institutional programs and counseling, support a reduced sentence.  (Doc. No. 33 at 3-4).  I commend Doll's efforts at rehabilitation and his expressed intention to continue those efforts.  But "'[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason'" for compassionate release. *United States v. West*, 70 F.4th 341, 348 (6th Cir. 2023) (quoting 28 U.S.C. § 994(t)).

While the hardship Doll's parents face is unfortunate, it does not rise to the level required by the law.  *Cf. United States v. Johnson*, No. 11-20493, 2021 WL 822495, at *4 (E.D. Mich. Mar. 4, 2021) (noting "[t]he hardship to [the defendant's] family that may result [from denial of a compassionate release motion] is unfortunate, but certainly not extraordinary. 'A crime often inflicts harm, not only on a direct victim, but on those in a defendant's circle of family and friends who depend on that

4

defendant for all manner of support.'") (quoting *United States v. Cole*, No. 18-20237, 2021 WL 194194, at *3 (E.D. Mich. Jan. 20, 2021)). I conclude Doll fails to carry his burden to show there is an extraordinary and compelling reason to reduce his sentence.

**B.      SECTION 3553(A) FACTORS**

Moreover, even if Doll had established an extraordinary and compelling reason for compassionate release, he also is required to show that the sentencing factors found in § 3553(a) weigh in favor of a sentence reduction. That statute requires a court to consider, among other things, the "nature and circumstances of a defendant's offenses, the seriousness of the offenses, the need to promote respect for the law, and the need to protect the public from further crimes by the defendant." *Johnson*, 2021 WL 822495, at *4.

As I stated during his sentence hearing, Doll has no criminal record outside of this conviction and has demonstrated he has skills and talents that will allow him to meaningfully contribute to society following his release from incarceration. But I previously considered these facts in sentencing Doll to a prison term that is less than 50% of the low end of his Guideline range. Moreover, his offense conduct was extremely serious, as he possessed over 17,000 images and over 1,000 videos depicting "child nudity, child rape, bondage, and children subjected to various sexual acts[,] . . . rang[ing] from infants to toddlers and from pre-teens to teenage girls and boys." (Doc. No. 21 at 7).

I conclude Doll fails to show that reducing his period of incarceration to approximately 25% of the low end of his Guideline range would adequately account for the need for his sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Therefore, and for the reasons stated on the record during Doll's sentencing hearing, I conclude Doll has not shown that the § 3553(a) factors weigh in favor of compassionate release.

### III.    CONCLUSION

For these reasons, I deny Defendant Kurt Doll's motion at this time to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A).  (Doc. No. 33).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge